# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>CIERRA BROOKE LARSEN,<br><br>                      Petitioner. | No. 58381-0-II<br><br>UNPUBLISHED OPINION |

VELJACIC, A.C.J. — In this timely personal restraint petition (PRP), Cierra B. Larsen challenges a community custody condition that prohibits her from having contact with her spouse. The State concedes the error. We accept the State's concession, grant Larsen's PRP, and remand to the trial court to amend the condition.

## FACTS

Police stopped Larsen and her husband, Guillermo Othon, to investigate a bench warrant on Larsen. Police located controlled substances and paraphernalia in the vehicle and Larsen's purse.

The State charged Larsen with unlawful possession of a controlled substance, heroin, with intent to deliver and unlawful possession of a controlled substance, methamphetamine, with intent to deliver. Larsen pled guilty to both offenses.

In its sentencing memorandum, the State alleged that Larsen told police that Othon drove her to her drug deals and that sometimes her child was in the car. The State recommended that Larsen have no contact with Othon.

During the sentencing hearing, Larsen requested to have contact with Othon contrary to the State's recommendation. The trial court recognized the two were married and that there would need to be some coordination regarding their children. But the court stated that it was not going to allow direct contact "because of the nature of the involvement of the children." Rep. of Proc. (RP) at 48.

The trial court imposed a standard range sentence and 12 months of community custody. The court added a community custody condition that Larson have "no contact with Guillermo Othon unless approved by family court order." Clerk's Papers (CP) at 18.

Larsen filed this timely PRP.

ANALYSIS

Larsen contends, and the State concedes, that the community custody condition prohibiting her from having contact with her husband impermissibly burdens her constitutional rights pertaining to family and association. We agree.

To obtain collateral relief by means of a PRP, a petitioner must demonstrate unlawful restraint. RAP 16.4(a). Restraint is unlawful if it is unconstitutionally imposed. RAP 16.4(c)(2).

"The right to marry and associate with one's spouse and children are important constitutional freedoms." *State v. Geyer*, 19 Wn. App. 2d 321, 327, 496 P.3d 322 (2021). Trial courts have discretionary authority to order a defendant to "[r]efrain from direct or indirect contact with the victim of the crime or a specified class of individuals" after release from custody. RCW 9.94A.703(3)(b). But when imposing a no-contact restriction, the court must consider a defendant's constitutionally protected rights of association. *Geyer*, 19 Wn. App. 2d at 327.

In *Geyer*, the appellant challenged two community custody conditions that limited his contact with his wife and children. *Id*. The conditions stated that Geyer could have no direct or

indirect contact with minors and no relationship with partners who have minor children without prior permission from his supervising community corrections officer and his sexual deviancy treatment provider. *Id*.

The court held that when imposing restrictions on contact "a sentencing judge must consider a defendant's constitutionally-protected rights of association and impose any restriction in a sensitive way, guided by what is 'reasonably necessary to accomplish the essential needs of the state and public order.'" *Id.* at 327-38 (quoting *State v. Riley*, 121 Wn.2d 22, 37-38, 846 P.2d 1365 (1993)). The court held that Geyer's community custody conditions should be amended to specifically allow him to have contact with his wife and children. *Geyer*, 19 Wn. App. 2d at 328.

Here, the trial court imposed a no-contact community custody provision that expressly prohibited Larsen from having contact with her husband. But Othon was not a victim or a member of a specified class of individuals associated with Larsen's crimes. Under the particular facts of this case, the broad restriction on Larsen's right to interact with her husband fails to meet the constitutional balancing test. Therefore, we agree with both parties that the court wrongly imposed this condition.

Pursuant to *Geyer*, we remand to the trial court to amend the condition "in a sensitive way, guided by what is 'reasonably necessary to accomplish the essential needs of the state and public order.'" 19 Wn. App. 2d at 328 (quoting *Riley*, 121 Wn.2d at 37-38).

## CONCLUSION

We accept the State's concession that Larsen's community custody condition that prohibits contact with her husband is unlawful, grant Larsen's PRP, and remand to the trial court to amend the condition consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Che, J.